**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAYDA VANESSA PADILLA
HERRERA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-2475

Agency No.
A209-418-112

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Sayda Padilla Herrera (Petitioner), a native and citizen of Honduras, seeks

review of a Board of Immigration Appeals (BIA) decision dismissing her appeal

from an Immigration Judge's (IJ) denial of asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and factual findings for substantial evidence. *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Our review is limited to those grounds explicitly relied upon by the [BIA,]" including those portions of the IJ's decision that it "expressly adopts." *Diaz-Reynoso v. Barr,* 968 F.3d 1070, 1075–76 (9th Cir. 2020) (quotation omitted).

1. The BIA did not err in its determination that "Honduran women who refuse to pay gang members" is not a cognizable particular social group (PSG), which Petitioner must show to succeed on her asylum claim. *See* 8 U.S.C. § 1101(a)(42). A cognizable PSG is, among other things, a group of people that society perceives as "socially distinct." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021).

Substantial evidence supports the BIA's determination that Petitioner did not carry her burden to establish that this proposed group was recognized as distinct by society. *See id.* at 1180. She provided no evidence to the IJ or BIA to support this

assertion. Accordingly, any claim of persecution on account of membership in this PSG fails.

Petitioner also claims that her membership in the PSG "women in Honduras" was a reason for her persecution. But substantial evidence also supports the BIA's determination that Petitioner did not establish that membership in this PSG was "a reason" for her alleged persecution, as is required for her asylum and withholding claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017). Substantial evidence, including Petitioner's own testimony, supports the conclusion that Petitioner's persecution was based on the gang member's desire to obtain money and flee from authorities; not because Petitioner was a Honduran woman.

Thus, Petitioner failed to establish she was persecuted even in part on account of a protected ground. Accordingly, her asylum and withholding claims fail. *See Villegas-Sanchez*, 990 F.3d at 1183.

2. Finally, substantial evidence supports both grounds upon which the IJ, whose reasoning on the CAT claim the BIA explicitly adopted, denied Petitioner CAT protection.

First, Petitioner failed to demonstrate that "it is more likely than not that [she] would be tortured if removed to the proposed country of removal." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotation omitted). There is substantial evidence to support the IJ's and BIA's finding that Petitioner could

relocate within Honduras to avoid persecution or torture. *See Maldonado v. Lynch*, 786 F.3d 1155, 1165 (9th Cir. 2015) (en banc). Her family, including her mother (also a Honduran woman), have remained unharmed in Honduras, notwithstanding threats to Petitioner's family if she did not pay her persecutor. And generalized evidence that gang-related violence and violence toward women are common in Honduras is insufficient to show that Petitioner is more likely than not to be tortured if returned to Honduras. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Accordingly, Petitioner's CAT claim fails.

Second, Petitioner failed to demonstrate that torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." *Garcia-Milian*, 755 F.3d at 1033 (quotation omitted and commas added). As the IJ noted, Petitioner fears a "purely private actor[;]" here, a single gang member. And as the BIA reiterated, "there is insufficient evidence that a public official would acquiesce or be willfully blind to any harm inflicted." *See Garcia-Milian*, 755 F.3d at 1033. Accordingly, Petitioner's CAT claim also fails for a second, independently sufficient, reason.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.